## CIRCUIT COURT OF WARREN COUNTY

Malta

    v.

Estep

September 15, 1969

By JUDGE ROBERT K. WOLTZ

September 25, 26, and 27 were tentatively set for the trial of this case with civil venire, it being the opinion of counsel that due to the extensive evidence on damages three days would be required for trial. Concurrently with or subsequent to selection of trial dates counsel for the plaintiff requested severance of the trial as to the elements of liability and damages. Counsel for the defendant opposed this request.

Though there seems to be a paucity of law on the question, I feel that such matters are in the discretion of the court. In this case it is my understanding that approximately one day would be consumed on the issue of liability and the better part of two days would be consumed on the issue of damages; that the issue of damages will consume so much time not with evidence of a medical or a like nature such as in a personal injury case, but because it will be in the nature of a cataloging of a great number of items, their valuation, and where not totally destroyed the amount of damage to each. Such lengthy and detailed evidence partly mechanical in nature appears different to me from evidence of damages adduced in the usual negligence action.

Though it will be so far as I know an innovation in this Circuit, in this particular case it seems to me that the time and convenience of the court, counsel, and litigants would be well served by a severance of the trial on the issue of liability and, if it should become

necessary, on the issue of damages without so far as I can see any real trespass upon the rights of the defendant. Therefore I will grant the request for severance.